IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:23-CR-11 |
| v. ) | |
| ) | Hon. Michael S. Nachmanoff |
| TAMIRAT TILAHUN YEHUALAWORK ) | |
| Defendant. ) | Sentencing: July 27, 2023 |
| ) | |

### DEFENDANT'S MOTION TO SEAL, NOTICE OF FILING OF MOTION TO SEAL AND MEMORANDUM IN SUPPORT OF MOTION TO SEAL

Pursuant to Local Criminal Rule 49(E), the defendant, Tamirat Yehualawork, through counsel, hereby moves this Court for leave to file Defendant's Position on Sentencing, including Exhibits 1 through 3, under seal and moves for an Order granting permission to seal those portions. A proposed Order is attached for the Court's consideration.[1]

I.   Item to be Sealed and Necessity for Sealing

A.   The defendant asks the Court to seal Defendant's Position on Sentencing, including Exhibits 1 through 3, to be filed with the Court on July 20, 2023.

B.   Sealing is necessary in order to safeguard the privacy and safety of the defendant in that the document contains extensive sensitive personal and medical

---

[1] The document to be sealed will be filed with the Court non-electronically pursuant to Local Criminal Rule 49(E) and the Electronic Case Filing Policies and Procedures (*see* p. 16). Pursuant to the Local Rules, the sealed document is to be treated as sealed pending the outcome of this motion.

information pertaining to the defendant. Counsel for the defendant has considered procedures other than sealing and none will suffice to protect this information from disclosure.

II. Previous Court Decisions Which Concern Sealing Documents

  A. The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

  B. This Court previously has sealed documents in other cases dealing with the same or similar subject matters as the material sought to be sealed in this matter.

III. Period of Time to Have the Document Under Seal

  A. The material to be filed under seal would need to remain sealed permanently or until unsealed by the Court.

* * *

Accordingly, the defendant respectfully requests that an Order be entered allowing Defendant's Position on Sentencing, including Exhibits 1 through 3, to be placed Under Seal. An appropriate Order is attached.

Dated: July 20, 2023

Respectfully submitted,

TAMIRAT YEHUALAWORK

By counsel,
Geremy C. Kamens
Federal Public Defender

/s/ Lauren E. S. Rosen
Lauren E. S. Rosen
VA Bar No. 98540
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0800
(703) 600-0880 (fax)
Lauren_Rosen@fd.org